1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| PATRICK PLUMLEY, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMPLIPHI BIOSCIENCES CORPORATION, JEREMY CURNOCK COOK, LOUIS DRAPEAU, PAUL GRINT, WENDY JOHNSON, MICHAEL PERRY, and VIJAY SAMANT,<br><br>                    Defendants. | No. _____<br><br>CLASS ACTION COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on January 4, 2019 (the "Proposed Transaction"), pursuant to which AmpliPhi Biosciences Corporation ("AmpliPhi" or the "Company") will be acquired by C3J Therapeutics, Inc. ("Parent") and Ceres Merger Sub, Inc. ("Merger Sub," and collectively with Parent, "C3J").

CLASS ACTION COMPLAINT - 1

2.     On January 3, 2019, AmpliPhi's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with C3J.  Following the consummation of the Proposed Transaction, C3J security-holders will own approximately 70% of the combined company, while current AmpliPhi security-holders will own only approximately 30% of the combined company.

3.     On April 4, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for May 8, 2019.

4.     The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of AmpliPhi common stock.

9.      Defendant AmpliPhi is a Washington corporation and maintains its principal executive offices at 3579 Valley Centre Drive, Suite 100, San Diego, California 92130.  AmpliPhi's common stock is traded on the NYSE American under the ticker symbol "APHB."

10.      Defendant Jeremy Curnock Cook is the Chairman of the Board of AmpliPhi.

11.      Defendant Louis Drapeau is a director of AmpliPhi.

12.      Defendant Paul Grint is Chief Executive Officer and a director of AmpliPhi.

13.      Defendant Wendy Johnson is a director of AmpliPhi.

14.      Defendant Michael Perry is a director of AmpliPhi.

15.      Defendant Vijay Samant is a director of AmpliPhi.

16.      The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

CLASS ACTION COMPLAINT - 3

## CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of AmpliPhi (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

18.    This action is properly maintainable as a class action.

19.    The Class is so numerous that joinder of all members is impracticable. As of January 3, 2019, there were approximately 102,770,818 shares of AmpliPhi common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

20.    Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

21.    Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

22.    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-

CLASS ACTION COMPLAINT - 4

party Class members' ability to protect their interests.

23.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

Background of the Company and the Proposed Transaction

24.    AmpliPhi is a clinical-stage biotechnology company focused on precisely targeted bacteriophage therapeutics for antibiotic-resistant infections using its proprietary bacteriophage-based technology.

25.    AmpliPhi's lead product candidates, AB-SA01 and AB-PA01, target *Staphylococcus aureus* and *Pseudomonas aeruginosa*, respectively, including multidrug-resistant strains, which are included on the WHO's 2017 Priority Pathogens List.

26.    Phage therapeutics are uniquely positioned to address the threat of antibiotic-resistance as they can be precisely targeted to kill select bacteria, have a differentiated mechanism of action, can penetrate and disrupt biofilms (a common bacterial defense mechanism against antibiotics), are potentially synergistic with antibiotics, and have been shown to restore antibiotic sensitivity to drug-resistant bacteria.

27.    On January 4, 2019, the Company's Board caused the Company to enter into the Merger Agreement.

28.    Following the consummation of the Proposed Transaction, C3J security-holders will own approximately 70% of the combined company, while current AmpliPhi security-holders will own only approximately 30% of the combined company.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

29.    According to the press release announcing the Proposed Transaction:

AmpliPhi Biosciences Corporation ("AmpliPhi") (NYSE American: APHB), a clinical-stage biotechnology company focused on the development of precisely targeted bacteriophage therapeutics for antibiotic-resistant infections, and C3J Therapeutics, Inc. ("C3J"), a private clinical stage biotechnology company focused on the development of novel targeted antimicrobials, today announced that the companies have entered into a definitive agreement under which a wholly owned subsidiary of AmpliPhi will merge with C3J in an all-stock transaction, subject to shareholder approval. The consummation of the merger transaction will result in a combined company that has a diverse clinical-stage pipeline, including a Phase 1/2-ready natural phage candidate targeting bacteremia, as well as a synthetic phage candidate targeting respiratory infections poised to enter Phase 1 development later this year. In addition, the combined company will have an extensive natural phage library and the capability to develop synthetic phage against a wide range of microbial agents.

Certain existing C3J shareholders have committed to invest $10 million in the combined company, subject to customary conditions. The financing will help fund the further development of the combined company's preclinical and clinical programs and is expected to close immediately following with the completion of the merger. The combined company's total cash balance following the closing of the merger and contemplated financing is expected to be approximately $18 million. . . .

About the Proposed Transaction

Under the terms of the merger agreement, on a pro-forma basis and after closing of the merger but prior to the closing of the financing, the current C3J securityholders will own approximately 70% of the combined company, while current AmpliPhi securityholders will own approximately 30% of the combined company (on a fully diluted basis but using the treasury stock method and in each case excluding out of the money options and warrants). The pre-financing ownership split was determined by the exchange ratio in the merger agreement, which was based on a $28 million valuation for C3J and a $12 million valuation for AmpliPhi, a premium to the 30-day volume weighted average share price of AmpliPhi. On a pro forma basis, after giving effect to the contemplated $10 million financing, current C3J securityholders will own approximately 76% of the combined company and current AmpliPhi securityholders will own approximately 24% of the combined company (on a fully diluted basis but using the treasury stock method and in each case excluding out of the money options and warrants).

The transaction has been unanimously approved by the boards of directors of both companies, and is expected to close in the first quarter of

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

2019, subject to approval by AmpliPhi shareholders. The transaction is also subject to customary conditions, including the execution of stock purchase agreements by certain existing C3J shareholders who have agreed to invest an additional $10 million into the combined company, subject to customary closing conditions. The investment is expected to close immediately following with the closing of the merger.

Mr. Patrick of C3J will be the Chief Executive Officer of the combined company and Dr. Brian Varnum of C3J will be appointed President and Chief Development Officer. Steve Martin, AmpliPhi's Chief Financial Officer, will continue to act as the CFO of the combined company. Dr. Grint has agreed to act as a clinical consultant for the combined company. Prior to closing, AmpliPhi will seek stockholder approval to conduct a reverse split of its outstanding shares to satisfy listing requirements of the NYSE American. The combined company is expected to trade on the NYSE American under a new ticker symbol.

Ladenburg Thalmann & Co. Inc. is acting as financial advisor to AmpliPhi and Cooley LLP is acting as legal counsel to AmpliPhi. LifeSci Capital LLC is acting as financial advisor to C3J and Thompson Hine LLP is acting as legal counsel to C3J.

<u>The Proxy Statement Omits Material Information, Rendering It False and Misleading</u>

30.    Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for May 8, 2019.

31.    As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

32.    First, the Proxy Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Ladenburg Thalmann & Co. Inc. ("Ladenburg").

33.    The Proxy Statement fails to disclose AmpliPhi's financial forecasts as discussed at the December 6, 2017 Board meeting and any subsequent sets of

BRESKIN | JOHNSON | TOWNSEND <sup>PLLC</sup>
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

financial forecasts.

34.    With respect to Ladenburg's Analysis of Selected Initial Public Offering Transactions, the Proxy Statement fails to disclose: (i) the biopharmaceutical companies' products; and (ii) whether the products received approval from the U.S. Food and Drug Administration.

35.    With respect to Ladenburg's Analysis of Selected Publicly Traded Companies, the Proxy Statement fails to disclose: (i) Ladenburg's specific basis for excluding Spero Therapeutics Inc. ("Spero"), Altimmune, Inc. ("Altimmune"), and Entasis Therapeutics Holdings Inc. ("Entasis") from the 25th and 75th percent calculations; and (ii) the results of the analysis if Ladenburg included Spero, Altimmune, and Entasis.

36.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37.    Second, the Proxy Statement fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions that are or were preventing the counterparties from submitting superior offers to acquire the Company.

CLASS ACTION COMPLAINT - 8

38.    Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

39.    Third, the Proxy Statement fails to disclose the timing and nature of all communications regarding the future employment and directorship of the Company's officers and directors, including who participated in all such communications.

40.    Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

41.    Fourth, the Proxy Statement fails to disclose the members and responsibilities of the special committees of the Board that were created during the process leading up to the Merger Agreement.

42.    The Company's stockholders are entitled to an accurate description of the process leading up to the Proposed Transaction.

43.    The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for the Merger; and (iii) Opinion of Ladenburg Thalmann & Co. Inc.

44.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**COUNT I**

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and AmpliPhi**

45.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46.    The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  AmpliPhi is liable as the issuer of these statements.

47.    The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

48.    The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

49.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

50.    The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

51.    By reason of the foregoing, defendants violated Section 14(a) of the

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1934 Act and Rule 14a-9 promulgated thereunder.

52.    Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

### COUNT II
### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

53.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54.    The Individual Defendants acted as controlling persons of AmpliPhi within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of AmpliPhi and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

55.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

56.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to

CLASS ACTION COMPLAINT - 11

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

57.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

58.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.   As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

CLASS ACTION COMPLAINT - 12

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

F.      Granting such other and further relief as this Court may deem just and proper.

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

DATED this 25th day of April, 2019.

BRESKIN JOHNSON & TOWNSEND, PLLC

By: */s/ Roger Townsend*
        Roger Townsend, WSBA # 25525
        1000 Second Avenue, Suite 3670
        Seattle, Washington 98104
        206-652-8660 Phone
OF COUNSEL:                     206-652-8290 Fax
                                rtownsend@bjtlegal.com
RIGRODSKY & LONG, P.A.
300 Delaware Avenue             *Attorneys for Plaintiff*
Suite 1220
Wilmington, DE 19801
302-295-5310

RM LAW, P.C.
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
484-324-6800

CLASS ACTION COMPLAINT - 13

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660